GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN, SBN 172603
cvarnen@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JEFF LOMBARD, SBN 285371
jlombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

*Attorneys for Defendants*
*Grocery Outlet Holding Corp., Jason Potter,*
*and Christopher M. Miller*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>v.<br><br>GROCERY OUTLET HOLDING CORP., JASON POTTER, and CHRISTOPHER M. MILLER,<br><br>              Defendants | CASE NO. 3:26-cv-02291-AMO<br><br>**STIPULATED REQUEST AND ORDER TO EXTEND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT AND VACATE INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**<br><br>**Judge**: Hon. Araceli Martínez-Olguín<br>**Trial Date**: N/A<br>**Date Action Filed**: March 16, 2026 |

Gibson, Dunn & Crutcher LLP

Pursuant to Rules 6-2, 7-12, and 16-2(e) of the Northern District of California Civil Local Rules ("Civil Local Rules"), Plaintiff Trevor Jones ("Plaintiff") and Defendants Grocery Outlet Holding Corp., Jason Potter, and Christopher M. Miller ("Defendants," and together with Plaintiffs, the "Parties"), hereby agree and stipulate that good cause exists to request an order from the Court extending Defendants' time to respond to the Complaint (defined below), vacating the Initial Case Management Conference scheduled for July 2, 2026, and all associated deadlines, and vacating the Alternative Dispute Resolution ("ADR") deadlines set by the Court.

WHEREAS, on March 16, 2026, Plaintiff filed a putative class action complaint against Defendants for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (the "Complaint") (ECF No. 1);

WHEREAS, this action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including its procedures for the appointment of lead plaintiff and lead counsel and its mandatory discovery stay (15 U.S.C. § 78u-4(a)(3); 15 U.S.C. § 78u-4(b)(3)(B));

WHEREAS, on March 17, 2026, the Court issued an Order Setting Initial Case Management and ADR Deadlines (ECF No. 6) setting the following deadlines:

- June 5, 2026 for the Parties to file ADR Certification and to meet and confer regarding initial disclosures, early settlement, ADR process selection, and a discovery plan;
- June 19, 2026 for the Parties to make initial disclosures and file a Case Management Statement; and
- June 26, 2026 for the Parties to conduct a Case Management Conference;

WHEREAS, on March 23, 2026, the Court issued a Notice on Reassignment (ECF No. 10), vacating the Case Management deadlines set on March 17th and setting the following deadlines:

- June 25, 2026 for the Parties to file a Case Management Statement; and
- July 2, 2026 for an Initial Case Management Conference;

WHEREAS, the Parties believe that, in order to conserve the Court's and the Parties' resources, good cause exists to defer Defendants' response to the Complaint until after a lead

2

Gibson, Dunn & Crutcher LLP

plaintiff has been appointed and files an amended complaint, and to vacate the Initial Case Management Conference and associated deadlines and the ADR Program deadlines set by the Court, until after Defendants' anticipated motion to dismiss the lead plaintiff's amended complaint has been decided;

WHEREAS, the Parties do not seek to reset these dates for the purpose of delay, and the proposed new dates will not have any impact on any additional pre-trial and trial dates as the Court has yet to schedule these dates.

NOW, THEREFORE, the parties, subject to approval of the Court, hereby stipulate and agree as follows:

1.      Counsel for Defendants accepts service of the Complaint on behalf of all Defendants.

2.      Pursuant to Civil Local Rule 6-2, Defendants' obligation to answer, move to dismiss, or otherwise respond to the Complaint is extended until a date to be set after the appointment of a lead plaintiff.

3.      Within ten (10) business days following the appointment of a lead plaintiff and lead counsel, lead counsel and counsel for Defendants will meet and confer and submit a proposed schedule for the filing of an amended complaint and Defendants' response thereto.

4.      Pursuant to Civil Local Rule 16-2(e), the Initial Case Management Conference scheduled for July 2, 2026, is vacated, along with any associated deadlines under the Federal Rules of Civil Procedure and Civil Local Rules, until after Defendants' anticipated motion to dismiss the lead plaintiff's amended complaint has been decided.

5.      All associated ADR Program deadlines are likewise vacated until after Defendants' anticipated motion to dismiss the lead plaintiff's amended complaint has been decided.

6.      Except as to sufficiency of service of process, nothing in this stipulation shall be construed as a waiver of any of Defendants' rights or positions in law or equity, or as a waiver of any defenses that Defendants otherwise would have, including, without limitation, jurisdictional defenses.  April 3, 2026

APPROVED

Judge Araceli Martinez-Olguin

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3

Gibson, Dunn & Crutcher LLP

STIPULATED REQUEST AND [PROPOSED] ORDER TO EXTEND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT AND VACATE INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES
CASE NO. 3:26-CV-02291-AMO