UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREVOR JONES, et al.,

Plaintiffs,

v.

GROCERY OUTLET HOLDING CORP., et al.,

Defendants.

Case No. 26-cv-02291-AMO

**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL**

Before the Court are multiple competing motions for appointment of lead plaintiff and lead plaintiff's counsel. Having reviewed all pending motions and accompanying memoranda of points and authorities, the Court **GRANTS** the motion of Mark Blosser for appointment as lead plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Grocery Outlet Holding Corp. ("Grocery Outlet" or the "Company") securities between August 5, 2025 and March 4, 2026, inclusive (the "Class Period"). The Court VACATES the hearing set for August 6, 2026. The Court appoints Mark Blosser ("Blosser") as Lead Plaintiff in the above-captioned action (the "Action"). Blosser satisfies the requirements for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP and Levi & Korsinsky, LLP as Co-Lead Counsel for the Class in the Action. Lead Plaintiff's selection of Co-Lead Counsel is approved.

Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

United States District Court
Northern District of California

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h) to supervise any other matters concerning the prosecution, resolution, or settlement of the Action, including but not limited to any bankruptcy proceedings by Grocery Outlet Holding Corp. or other Defendants.

No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Plaintiff and Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Plaintiff and Co-Lead Counsel.

Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE GROCERY OUTLET HOLDING CORP. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: | Case No. 4:26-cv-02291-AMO<br><br>CLASS ACTION<br><br>[TITLE OF DOCUMENT] |

When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel as set forth herein.

Co-Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

Defendants shall effect service of papers on plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery, or ECF. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery, or by ECF on counsel for registered parties.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

The Court DENIES all other motions for appointment of lead plaintiff and lead counsel.

**IT IS SO ORDERED.**

Dated: July 24, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**